# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | : | CIVIL ACTION NO. |
| | : | |
| | : | 3:22-CV-00780-OAW |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SNAPMEDTECH, INC., | : | |
| | : | |
| Defendant. | : | AUGUST 29, 2022 |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | June 16, 2022 |
| Date Complaint Served: | June 17, 2022 |
| Date of Defendant's Appearance: | July 7, 2022 |
| Defendant's Motion to Dismiss: | August 5, 2022 |

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and D. Conn. L. Civ. R. 16 and 26(f), the parties, National Liability & Fire Insurance Company ("NL&F") and SnapMedTech, Inc. ("SnapMed"), hereby submit their joint Report of their Rule 26(f) Planning Conference. The parties conducted a Rule 26(f) conference on August 29, 2022. The participants were: Daniel L. FitzMaurice for Plaintiff NL&F, and Jonathan M. Shapiro for Defendant SnapMed.

I. **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

112524265.3

## II. JURISDICTION

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the parties.

### B. Personal Jurisdiction

The parties agree the Court has personal jurisdiction over the Defendant in this action.

## III. BRIEF DESCRIPTION OF CASE

### A. Joint Description

This dispute arises from two Workers Compensation and Employers Liability Insurance Policies that Plaintiff NL&F issued to Defendant SnapMed. NL&F issued the first policy to SnapMed, bearing number V9WC163779, for the policy period of March 9, 2020 to March 9, 2021 ("2020 Policy"). On or around January 28, 2021, SnapMed submitted an application to NL&F to renew its workers compensation and employers liability coverage (the "January Application"). As a result, NL&F issued a second policy to SnapMed, bearing number V9WC224917, for the policy period of March 9, 2021 to March 9, 2022 ("2021 Stub Policy"). NL&F later cancelled the 2021 Stub Policy at SnapMed's request, effective April 1, 2021.

Both the 2020 Policy and the 2021 Stub Policy required SnapMed to pay a total estimated annual premium, which SnapMed would pay in installments throughout the policy periods. Both policies further required SnapMed to pay a final premium, to be determined after the policy ended, by using the actual, not the estimated, premium basis. Pursuant to the terms of both policies, NL&F sought to conduct audits of SnapMed's records to determine the final premiums. NL&F contends that SnapMed failed to comply with these audits, and that SnapMed failed to pay NL&F the full and final premium owed for both policies. SnapMed asserts that it complied with the

audits, making information available and cooperating with NL&F's requests, but the audits were reported incorrectly, resulting in an inflated amount for the allegedly owed premiums. SnapMed disputed the audit, and NL&F filed this action.

### B. Plaintiff's Claims

In its Complaint, NL&F asserts claims against SnapMed for: (1) breach of the 2020 Policy; (2) breach of the 2021 Stub Policy; (3) declaratory judgment with respect to audit; (4) negligent misrepresentation; (5) innocent misrepresentation; and (6) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). In exchange for coverage under the policies, SnapMed agreed to pay insurance premiums to NL&F. Both policies provided that NL&F would calculate the final premium due by auditing SnapMed's books and records following the end of the policy periods. SnapMed, however, failed to comply with the audit for the 2020 Policy, rendering NL&F unable to determine the final premium. Although SnapMed complied with the audit for the 2021 Stub Policy, SnapMed failed to pay the final premium for that policy in full. Accordingly, NL&F seeks compensatory damages for the unpaid premiums due to NL&F under the 2020 Policy and the 2021 Stub Policy. NL&F also seeks a declaratory judgment that the terms of the 2020 Policy require SnapMed to permit NL&F to audit its books and records that relate to that policy, and that SnapMed must pay NL&F any additional premiums due as a result of the audit.

SnapMed also made misrepresentations of material fact to NL&F in the January Application. In the January Application, SnapMed provided NL&F with payroll estimates for each of the states in which it sought coverage. NL&F relied on these estimates to calculate the estimated premium for the 2021 Stub Policy. There was a huge disparity, however, between these estimated amounts and the actual payroll figures that SnapMed later submitted in connection with the 2021 Stub Policy audit. Given this disparity and SnapMed's awareness of the tremendous and ongoing demand for medical personnel in the midst of the pandemic and, correspondingly, the

astronomical growth in the number of its employees, SnapMed knew or should have known that the estimated figures it provided to NL&F in the January Application were false. SnapMed violated CUTPA by making these misrepresentations and by breaching multiple contracts with NL&F. Accordingly, NL&F also seeks punitive damages, attorneys' fees, and costs in this action.

### C. **Defendant's Defenses and Claims**

Defendant filed a motion to dismiss dated August 5, 2022 pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking to dismiss Counts Four, Five and Six alleging claims for negligent misrepresentation, innocent misrepresentation and violations of CUTPA for failure to state a claim upon which relief may be granted. In addition to failing to meet the pleading requirements, the misrepresentation claims contain conflicting allegations. The basis for the misrepresentation claim stems from Defendant's January 2021 Application, but Plaintiff relies on information that was not available to Defendant until after it submitted its application. Moreover, Defendant provided estimates which were just that—estimates. This cannot form the basis of a claim for misrepresentation. Plaintiff's CUTPA claim also fails since it is nothing more than a recasting of the breach of contract claims and the alleged conduct did not occur in Defendant's trade or business.

As to the remaining counts, Defendant denies the material allegations of Plaintiff's complaint and Defendant continues to investigate all available defenses. In addition, among other things, Plaintiff used improper classification codes resulting in an inaccurate premium calculation. Defendant reserves the right to plead all defenses available to it as it continues to investigate this matter.

### IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether any material facts exist that are not in dispute. The parties state that the following material facts are undisputed:

1. NL&F is an insurance company organized under the laws of the state of Connecticut, with its principal place of business in Connecticut.

2. SnapMed is a staffing agency that employs healthcare professionals. SnapMed is a corporation organized under the laws of the state of Delaware, with a principal place of business in Georgia.

3. NL&F issued a Workers Compensation and Employers Liability Insurance Policy, bearing number V9WC163779, to SnapMed, effective for the period of March 9, 2020 to March 9, 2021 ("2020 Policy").

4. On or around January 28, 2021, SnapMed applied to renew its workers compensation and employers liability coverage with NL&F.

5. NL&F issued a Workers Compensation and Employers Liability Insurance Policy, bearing number V9WC224917, to SnapMed, with a policy period to run from March 9, 2021 to March 9, 2022 ("2021 Stub Policy").

6. At SnapMed's request, NL&F cancelled the 2021 Stub Policy effective April 1, 2021.

## V. CASE MANAGEMENT PLAN

| Action | Deadline |
| --- | --- |
| Fact Discovery Commences | September 9, 2022 |
| Initial Disclosures | September 9, 2022 |
| Exchange of Initial Written Discovery | September 23, 2022 |
| Damages Analysis | February 24, 2023 |
| Plaintiff's Expert Disclosures and Reports | January 16, 2023 |
| Depositions of Plaintiff's Experts | February 20, 2023 |
| Disclosure of Defendant's Experts | March 20, 2023 |
| Deposition of Defendant's Experts | April 24, 2023 |

| Completion of Discovery | April 24, 2023 |
|---|---|
| Dispositive Motions | May 31, 2023 |
| Joint Trial Memorandum | October 15, 2023 or 30 days after the Court rules on any motions for summary judgment, whichever is later |

**A.** **Initial Disclosures**

Initial Disclosures will be served by September 9, 2022.

**B.** **Scheduling Conference with the Court**

The parties do not request a conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

The parties prefer that a scheduling conference, if held, be conducted by telephone.

**C.** **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference at this time. If, after limited discovery, the parties believe settlement is feasible, the parties will notify the Court.

3. If the Court requires the parties to attend a settlement conference, the parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. **Joinder of Parties and Amendment of Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until September 16, 2022 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause of the delay. NL&F does not anticipate filing a motion to join additional parties.[1]

2. Defendant should be allowed until September 16, 2022 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause of the delay.

E. **Discovery**

1. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's Position**:

Plaintiff does not anticipate anything out of the ordinary with respect to the "needs of the case."

---

[1] NL&F anticipates that it likely will seek a prejudgment remedy as to its claims on both insurance policies, after it conducts discovery to determine the final premium for the first policy.

**Defendant's Position**:

Defendant does not anticipate anything out of the ordinary with respect to the "needs of the case."

    2.    The parties anticipate that discovery will be needed on the following subjects:

### Plaintiff

    a.    All subjects and issues fairly arising out of the claims of Plaintiff's Complaint

    b.    All subjects and issues fairly arising out of Defendant's defenses to Plaintiff's claims

    c.    SnapMed's records concerning the number and classification of employees during the policy periods

    d.    SnapMed's payroll and tax information for the states in which it sought coverage under the policies

    e.    All facts surrounding the circumstances of SnapMed's submission of the January Application

    f.    All facts concerning the exponential growth that SnapMed experienced during the policy periods

    g.    All facts relating to NL&F's damages, including information necessary to complete the audit on the 2020 Policy

    h.    Such additional topics as may be reasonably identified in good faith during the pendency of this action.

**Defendant**

    a. All subjects and issues fairly arising out of the claims of Plaintiff's Complaint

    b. All subjects and issues fairly arising out of Defendant's defenses to Plaintiff's claims

    c. Any topic identified by Plaintiff

    d. Plaintiff's policies and procedures for calculating premiums

    e. Plaintiff's policies and procedures for conducting audits

    f. Plaintiff's audit of Defendant's records

    g. Communications between Plaintiff and Defendant concerning the policy and audits at issue

    h. All facts surrounding the circumstances of Plaintiff's audit of Defendant's records

    i. NL&F's alleged damages

    j. Such additional topics as may be reasonably identified in good faith during the pendency of this action.

3. The parties agree that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced on September 9, 2022, and completed (not propounded) by April 24, 2023.

4. Discovery will be conducted in phases, and discovery will conclude on April 24, 2023.

5. The parties anticipate that each party will require a total of 2-4 depositions of fact witnesses. The depositions of fact witnesses will commence by December 16, 2022 and be completed by March 17, 2023.

6. The parties do not anticipate requesting permission to serve more than 25 interrogatories, including parts and subparts, but they reserve the right to do so upon the Court's permission.

7. At this time, Plaintiff does not intend to call expert witnesses at trial, but reserves the right to do so. Defendant intends to call expert witnesses at trial.

8. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issue on which they bear the burden of proof by January 16, 2023. Depositions of any such experts will be completed by February 20, 2023.

9. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issue on which they do not bear the burden of proof by March 20, 2023. Depositions of any such experts will be completed by April 24, 2023.

10. A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 24, 2023.

11. Undersigned counsel have (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up, and legacy files, in order to understand how such information is stored and how it may be retrieved) discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which they shall produce such data, search terms (if any) to be applied in connection with the retrieval and production of such information, the location and format of ESI, appropriate steps to preserve ESI, and the allocation

of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of ESI:

The parties agree to produce ESI in a reasonable format that complies with Rule 26 of the Federal Rules of Civil Procedure, and will meet and confer to agree on a final specification for the production of documents. Upon request of counsel, ESI will be printed and produced in hard copy documents at the expense of the requesting party. Original electronic files will be preserved in their native formats.

The parties shall meet and confer and attempt in good faith to reach agreement regarding the following issues: (1) the identity of custodians who may have discoverable ESI, and whether discovery from the custodian is proportional to the needs of the case; (2) the number of custodians from whom ESI should be searched; (3) the search terms or phrases to be employed in searching custodian ESI; (4) the date ranges for which potentially relevant ESI will be searched; (5) the identity of databases that may have discoverable ESI; and (6) the search terms, phrases, or parameters to be used in searching databases for responsive ESI.

The requesting party does not waive its right to request, in good faith, that a search be enlarged to uncover additional responsive ESI, and the responding party does not waive its right to request that a search be narrowed because it believes, in good faith, that a review and/or production of ESI pursuant to the search would not be relevant to any party's claim or defense and is not proportional to the needs of the case.

If the parties conduct a meet and confer regarding a search but reach an impasse and are unable to resolve the dispute, the requesting party may bring the issue to the Court for resolution using the process provided for in the Federal Rules of Civil Procedure, the Local Rules of the District of Connecticut, and applicable bench rules and/or individual practices.

The parties agree that any duty to log documents and materials containing information claimed to be protected by the attorney-client privilege or work product doctrine shall not extend to the logging of communications with trial counsel following the commencement of this action.

12. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

   a. Any party that inadvertently produces privileged material may, within ten (10) business days of discovering the inadvertent production, notify all other parties and request that the inadvertently produced privileged material be returned and that all copies be destroyed; and

   b. Parties receiving such requests for the return of privileged material shall not refuse to comply and shall return, sequester, or certify destruction of all such information. Return, sequestration, or certification shall not prejudice the receiving parties' right to challenge whether such information is properly classified as privileged information, but the inadvertent production of such information shall not be a basis for challenging the privileged designation.

**F.     Other Scheduling Issues**

The parties state that there are no additional scheduling issues.

**G.     Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before May 31, 2023.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 15, 2023 or 30 days after the Court's ruling on any dispositive summary judgment motion on the merits.

### VI. TRIAL READINESS

The case will be ready for trial by 45 days after the Court's ruling on any dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| **PLAINTIFF,** <br> **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** | **DEFENDANT,** <br> **SNAPMEDTECH, INC.** |
| By _/s Daniel L. FitzMaurice_ <br> Daniel L. FitzMaurice (ct05331) <br> Catherine A. DeLanzo (ct31323) <br> Day Pitney LLP <br> 242 Trumbull Street <br> Hartford, CT 06103 <br> (860) 275-0100 <br> (860) 275-0343 (fax) <br> dlfitzmaurice@daypitney.com <br> cdelanzo@daypitney.com <br><br> *Attorneys for National Liability & Fire Insurance Company* | By _/s/ Jonathan M. Shapiro_ <br> Jonathan M. Shapiro (ct24075) <br> Aeton Law Partners LLP <br> 311 Centerpoint Drive <br> Middletown, CT 06457 <br> (860) 724-2160 <br> (860) 724-2161 (fax) <br> jms@aetonlaw.com <br><br> *Attorney for SnapMedTech, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      */s/ Daniel L. FitzMaurice*
      Daniel L. FitzMaurice